FILED

2025 Jun-27 AM 11:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE NORTHERN DISTRICT OF ALABAMA
### UNITED STATES DISTRICT COURT
### NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL KEMP,** | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Civil Action No.:** _____ |
| | } | |
| **BASF MOBILE EMISSIONS** | } | |
| **CATALYST LLC,** | } | |
| **Defendant.** | } | |

## COMPLAINT

Comes now the Plaintiff, Michael Kemp, by and through his undersigned counsel, and brings this Complaint against Defendant BASF Mobile Emissions Catalyst LLC, and states as follows:

### I. JURISDICTION AND VENUE

1. This is an action for employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

2. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in the Northern District of Alabama under 28 U.S.C. § 1391(b), as the unlawful employment practices alleged herein occurred in this district.

### II. PARTIES

4. Plaintiff Michael Kemp ("Plaintiff") is resident of Alabama who was employed by Defendant at its facility in the Northern District of Alabama.

5. Defendant BASF Mobile Emissions Catalyst LLC ("Defendant") is a for-profit entity doing business in Alabama and was, at all relevant times, Plaintiff's employer within the meaning of Title VII.

### III. FACTUAL ALLEGATIONS

6. Plaintiff was employed by Defendant as a Team Lead, earning approximately $80,000 per year.

7. On or around November 7, 2024, Plaintiff made a formal report of racial discrimination by his supervisor, Kassandra McMullin.

8. The basis of that report was that the Plaintiff observed and was asked by Ms. McMullin to violate company policies involving employee hiring, firing, and discipline, which he refused to do.

9. After making that report, Ms. McMullin told Plaintiff, "We shouldn't have let you into leadership."

10. On or about November 17, 2024, only ten days after his protected complaint, Plaintiff was terminated on the pretext of having accepted a hat and cup from a third-party vendor—gifts that had previously been given to and accepted by other employees, including a day shift supervisor, without consequence.

11. Plaintiff was retaliated against and ultimately dismissed for engaging in protected activity—reporting racial discrimination—in violation of Title VII.

12. As a result of the termination, Plaintiff has suffered significant economic losses, currently working as a team lead at Nippon Express for only $42,000 annually, a substantial decrease in income.

13. Defendant has engaged in a pattern of discriminatory and retaliatory conduct against African American employees, including:

    a. Darryl Griffin – African American Material Handler;

    b. Joanna Brown – African American Material Handler, transferred due to conflict with Ms. McMullin;

    c. Donita Smith – African American Supervisor, terminated;

    d. Dontae Sykes – African American Material Handler.

## IV. CLAIM FOR RELIEF

### (Retaliation in Violation of Title VII)

14. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 14 above.

15. Plaintiff engaged in protected activity under Title VII by reporting racial discrimination.

16. Plaintiff was subjected to adverse employment action—termination—shortly after his complaint.

17. The temporal proximity and pretextual basis for Plaintiff's termination establish a causal connection between his protected activity and the adverse action.

18. Defendant's actions constitute retaliation in violation of Title VII.

19. As a result, Plaintiff has suffered lost wages, emotional distress, reputational harm, and other compensable damages.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.    Enter judgment in favor of Plaintiff and against Defendant;

B.    Award Plaintiff compensatory and punitive damages in an amount to be determined at trial;

C.    Award back pay, front pay, and reinstatement or lost future earnings;

D.    Award attorney's fees and costs pursuant to 42 U.S.C. § 2000e-5(k);

E.    Grant such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this the 27th day of June, 2025.

_/s/ Lucas C. Snodgrass_____

**LUCAS C. SNODGRASS (SNO018)**
Attorney for Plaintiff
210 West Tennessee Street
Florence, AL 35630
(256) 349-2507       (256) 980-3005 FAX
Email: luke@lsnodgrasslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 27th day of June, 2025, a true and correct copy of the foregoing Complaint against BASF Mobile Emissions Catalyst LLC was served upon the following parties by U.S.P.S., postage prepaid, to the following Defendant(s) and/or counsel for Defendant(s) to their regular mailing address listed below:

**BASF Mobile Emissions Catalyst LLC**
**25 Middlesex Essex Turnpike**
**Iselin, New Jersey 08830**

*/s/ Lucas C. Snodgrass*
Lucas C. Snodgrass